# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NATASHA BROWNLEE, | ) |
| Plaintiff, | ) No. 4:14-CV-857 JAR |
| v. | ) |
| CASINO ONE CORPORATION, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (ECF No. 14). This matter is fully briefed and ready for disposition.

## LEGAL STANDARD

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993); Manning v. Wal-Mart Stores East, Inc., 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997)). The party seeking removal and opposing remand has the burden of establishing jurisdiction. Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, 561 F.3d 904, 912 (8th Cir. 2009); City of Univ. City, Missouri v. AT & T Wireless Services, Inc., 229 F. Supp. 2d 927, 929 (E.D. Mo. 2002).

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in

controversy exceeds $75,000.00, exclusive of interest and costs. Manning, 304 F.Supp.2d at 1148 (citing 28 U.S.C. § 1332(a)(1)).

## BACKGROUND

On March 25, 2013, Natasha Brownlee ("Brownlee") filed this action in the Circuit Court of the City of St. Louis, alleging claims for violation of the Missouri Human Rights Act ("MHRA") for hostile work environment and sexual harassment (Count I), violation of the MHRA based upon sex (Count II), retaliation in violation of the MHRA (Count III), violation of the MHRA for hostile work environment (Count IV), and violation of the MHRA for race discrimination (Count V). (Petition for Damages ("Petition," ECF No. 5). Brownlee named Casino One, Pinnacle Entertainment, Inc., Michael Bechard ("Bechard"), and John Doe Entity A as defendants in her Petition.

Defendant Casino One Corporation d/b/a Lumiere Place Casino & Hotels ("Casino One") removed this action to this Court on May 5, 2014, asserting diversity jurisdiction pursuant to 28 U.S.C. §§1332, 1446. (Notice of Removal, ECF No. 1). Casino One contends that, at the time of the filing of the underlying action, Brownlee was a citizen of Missouri (id., ¶14), Casino One was a resident of Mississippi with its principal place of business in Nevada (id., ¶15), Pinnacle was a resident of Delaware and its principal place of business was in Nevada (id., ¶16), and Bechard was a resident of Missouri (id., ¶17). Casino One maintains that this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. Casino One suggests that individual defendant Bechard was fraudulently joined to this suit as a co-defendant and his citizenship should not be considered for purposes of determining diversity jurisdiction. (Id., ¶17).

**DISCUSSION**

Defendant Casino One removed this action, asserting diversity jurisdiction. The only issue before the Court is whether complete diversity of the parties exists.

As stated, Casino One claims that there is complete diversity because Bechard is not a necessary party to this action. Casino One claims that Brownlee did not name Bechard as a party or respondent in her Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") and, therefore, Brownleee did not exhaust her claims against him and he must be dismissed as a party.

In support of her Motion to Remand, Brownlee asserts that she exhausted her administrative remedies against Bechard and he was not fraudulently joined. Brownlee notes that in the "particulars" section of her Charge of Discrimination she states that Bechard was one of the perpetrators of the racial discrimination, sex discrimination and retaliation she suffered. (Plaintiff's Suggestions in Support of her Motion to Remand ("Suggestions"), ECF No. 15 at 2 (citing ECF Nos. 15-1 and 15-2).

In response, Casino One claims that Brownlee was required to name Bechard as a respondent in a Charge of Discrimination in order for him to be named as a defendant in this litigation. (ECF No. 17 at 5 (citing Hill v. Ford Motor Co., 277 S.W. 3d 659, 669 (Mo. 2009)). Casino One claims that Brownlee naming Bechard in a list of others in the "particulars" section of the Charge is insufficient because it resulted in actual prejudice to him. (ECF No. 17 at 6-7). In an affidavit in support of his Motion to Dismiss, Bechard asserts that he was not notified of Brownlee's Charge of Discrimination filed with the MCHR and EEOC and did not participate in the conciliation process with the MCHR or the EEOC. (ECF No. 13-2). He claims that he only learned of Brownlee's claims when she filed the instant litigation. (Id.) Thus, Bechard asserts

that he was prejudiced by Brownlee's failure to name him as a respondent in her Charge of Discrimination.

"Fraudulent joinder does not exist where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" Block v. Toyota Motor Corp., 665 F.3d 944, 948 (8th Cir.2011) (quoting Junk v. Terminix Int'l Co., 628 F.3d 439, 446 (8th Cir.2010)). "'[I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" Junk, 628 F.3d at 446 (quoting Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 811 (8th Cir.2003) (citation omitted)).

As noted in Bock v. Liberty Rest. Grp., L.P., 4:13CV0781 AGF, 2013 WL 4504375 (E.D. Mo. Aug. 23, 2013), under Missouri law, "'[t]he MHRA permits suit to be brought against supervisory employees ... not just against the company itself, and the failure to make [a supervisory employee] a party at the administrative action before the ... MHRC will bar suit against [a supervisory employee] only if it resulted in prejudice." Id., at *2 (quoting Hill, 277 S.W.3d at 662). Casino One encourages the Court to utilize the Hill Court's four factor test to determine if the failure of a plaintiff to name a defendant in the administrative charge is fatal to a later judicial claim against that defendant:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Hill, 277 S.W.3d at 669-70 (citing Glus v. G.C. Murphy Co., 562 F.2d 880, 888 (3rd Cir. 1977)). Casino One urges this Court to apply this four factor test as the Court did in Borders v. Trinity Marine Prods., Inc., No. 1:10CV 146 HEA, 2010 WL 5139343, *2 (E.D. Mo. Dec. 9, 2010) to analyze whether there is a "substantial identity of interest" between the parties sued and those actually named in the administrative charge in order to determine whether joinder was proper. See Borders, 2010 WL 5139343, at *2-3 (finding no identity of interest and denying remand based upon a finding of fraudulent joinder). However, several courts in this district have declined to adopt the four-factor "substantial identity of interest" test because "the Eighth Circuit in Filla mandated that the Court's inquiry is limited only to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved, not to definitively settle the ambiguous question of state law." Jones v. Valspar Corp., 4:11-CV-00379-NKL, 2011 WL 3358141, at *3 (W.D. Mo. Aug. 3, 2011).

Applying the Eighth Circuit's charge in Filla, the Court holds that "there is arguably a reasonable basis for predicting that the state law might impose liability" on Bechard in this case. Bock, 2013 WL 4504375, at *3 (citing Block, 665 F.3d at 948). The Court finds that Bechard, the General Manager, was identified in the Charge of Discrimination as one of Brownlee's harassers. (ECF No. 15-2). The Court holds that this evidence provides an arguably reasonable basis for predicting that the state courts would find that this sufficiently exhausted Brownlee's claims against Bechard. See Hill, 277 S.W.3d at 670 (emphasis in original)(quoting Glus, 562 F.2d at 888)("equally important is the availability of complete redress of legitimate grievances without undue encumbrance by procedural requirements *especially when demanding full and technical compliance would have no relation to the purposes for requiring those procedures in the first instance*."); Jones, 2011 WL 3358141, at *3 (quoting Cobb v. Stringer, 850 F.2d 356,

359 (8th Cir. 1988)("'[b]ecause persons filing charges with the [administrative agencies] typically lack legal training, those charges must be interpreted with the utmost liberality in order not to frustrate the remedial purposes of [the statute].'"). Thus, the Court follows the clear precedent in this district that the issue of whether Brownlee's claim against Bechard can proceed is better left for review by the state court. See Bock, 2013 WL 4504375, at *3; Junk, 628 F.3d at 446; Filla, 336 F.3d at 811. Fernandez v. GMRI, Inc., 4:11CV00244 AGF, 2011 WL 6884797, at *3 (E.D. Mo. Dec. 29, 2011); Jameson v. Gough, 4:09CV2021RWS, 2010 WL 716107, at *4 (E.D. Mo. Feb. 24, 2010).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [14] is **GRANTED**. This matter shall be remanded to the Twenty Second Circuit of Missouri in City of St. Louis, Missouri for further proceedings. An order of remand accompanies this Order.

Dated this 7th day of July, 2014.

                                              **JOHN A. ROSS**
                                              **UNITED STATES DISTRICT JUDGE**